UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PHYLLIS HOPE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-cv-02949-AGF |
| | ) | |
| NORMANDY SCHOOLS COLLABORATIVE, | ) ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Plaintiffs' motion for leave to file an amended complaint (ECF No. 19). On January 18, 2018, the Court ordered Plaintiffs to file their proposed amended complaint by January 22, 2018. ECF No. 21. The Court warned Plaintiffs that failure to comply would result in the denial of their motion for leave to amend. Plaintiffs have not filed a proposed amended complaint, and the time to do so has passed. The Court will therefore deny Plaintiffs' motion for leave to file an amended complaint.

Plaintiffs have also not responded to the motion of Defendant Normandy Schools Collaborative ("NSC") for a more definite statement, in part, and to dismiss, in part (ECF No. 15). The time to respond to that motion has also passed. In its motion, Defendant seeks a more definite statement with respect to Plaintiffs' state-law Missouri Human Rights Act ("MHRA") claims, which were removed from state court pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367. Defendant also seeks

to dismiss the sole federal claim in this case (Count III), asserting race discrimination in violation of 42 U.S.C. § 1981, for failure to state a claim.

In its motion to dismiss, Defendant argues that "a federal action to enforce rights pursuant to §1981 cannot be brought against a state actor," and that "[a] local education agency, like Defendant NCS – the only named defendant in this lawsuit is a state actor." ECF No. 16 at 8. The Court agrees. *See, e.g.*, *Artis v. Francis Howell N. Band Booster Ass'n*, Inc., 161 F.3d 1178, 1181 (8th Cir. 1998) (holding that a federal action to enforce rights under § 1981 against state actor must be brought under § 1983). Plaintiffs' claim in Count III should have been, but was not, brought under § 1983. The Court will dismiss Count III without prejudice.

Having dismissed the only federal claim, and in light of the early stage of this case, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and will remand those claims to state court. *See* 28 U.S.C. § 1367(c)(3); *Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1016-17 (8th Cir. 2015) ("When a district court dismisses federal claims over which it has original jurisdiction, the balance of interests usually will point toward declining to exercise jurisdiction over the remaining state law claims.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for leave to amend is **DENIED**. ECF No. 19.

**IT IS FURTHER ORDERED** that Defendant's motion for a more definite

statement, in part, and to dismiss, in part, is **GRANTED in part**, as to the dismissal without prejudice of Count III, and is otherwise **DENIED without prejudice**. ECF No. 15.

**IT IS FURTHER ORDERED** that the sole federal claim in this case being dismissed, the Clerk of Court shall **REMAND** this case to the Circuit Court of St. Louis County, Missouri, from which it was removed.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 24th day of January, 2018.